IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:09-CV-614-O-BK |
| OVERSEA CHINESE FUND LIMITED PARTNERSHIP, et al., | § § § § | |
| Defendant. | § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to the District Court's *Order of Reference* (Doc. 82), this matter was referred to the undersigned for pretrial management. Before the Court are the Receiver's unopposed Eighth, Ninth, and Tenth Applications to Allow and Pay (1) Receiver's fees and Expenses and (2) Professionals' Fees and Expenses. (Docs. 79-81). Having reviewed the pertinent filings and the law applicable to the issues raised, the Court finds that the motions should be **GRANTED**.

## BACKGROUND

This is a civil action prosecuted by the Securities and Exchange Commission (SEC) against Oversea Chinese Fund Limited Partnership (Oversea) and others for alleged violations of, *inter alia*, the Securities Act. On April 3, 2009, the District Court appointed Tom Tong to serve as Receiver in this case, and authorized him to employ such attorneys and other professionals as necessary and proper in connection with his duties and obligations. (Doc. 11). The Receiver is required to "file on at least a quarterly basis an application for approval of the disbursements for professional fees and expenses to himself and others." *Id*. at 9.

## APPLICABLE LAW

In adjudicating an attorneys' fee award, a court first must calculate the "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for

the participating lawyers. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *Louisiana Power*, 50 F.3d 324. In the second step of the lodestar method, a court must consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 91-92 (1989).[1] *Id.* at 331. "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

## THE RECEIVER'S EIGHTH APPLICATION FOR FEES AND EXPENSES

The Receiver seeks approval of $21,347.01 in fees and expenses for: himself; Bennett Jones; Quilling, Selander, Cummiskey, & Lownds (QSCL); and Litzler, Segner, Shaw, McKenney (LSSM), for the period from January 1, 2011 through March 31, 2011. (Doc. 79 at 2-4). The Receiver has provided the Court with a list of services rendered to justify the claim for compensation, as well as an itemized invoice for the fees and expenses. *See* Doc. 79. After a review the Receiver's application, supporting materials, and applicable law, the Court finds that the requested fees and hourly rates are reasonable and customary in the community and were reached after the exercise of appropriate billing judgment.

---

[1] The twelve factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Cobb v. Miller*, 818 F.2d 1227, 1231 n.5 (5th Cir. 1987) (*citing Johnson*, 488 F.2d at 717-19).

The Receiver did not request an upward adjustment of his fee award. *See Johnson*, 488 F.2d at 717-19. The Court finds that no adjustment is necessary. For the reasons stated above, the Court finds that the Receiver should recover $21,347.01 in fees and expenses for the period from January 1, 2011 through March 31, 2011, as reasonable and necessary incident to the Receiver's duties performed in these proceedings.

## THE RECEIVER'S NINTH APPLICATION FOR FEES AND EXPENSES

The Receiver seeks approval of $28,977.08 in fees and expenses for: himself; Bennett Jones; QSCL; and LSSM for the period from April 1, 2011 through June 30, 2011. (Doc. 80 at 2-4). The Receiver has provided the Court with a list of services rendered to justify the claim for compensation, as well as an itemized invoice for the fees and expenses. *See* Doc. 80. After a review the Receiver's application, supporting materials and applicable law, the Court finds that the requested fees and hourly rates are reasonable and customary in the community and were reached after the exercise of appropriate billing judgment.

The Receiver did not request an upward adjustment of his fee award. *See Johnson*, 488 F.2d at 717-19. The Court finds that no adjustment is necessary. For the reasons stated above, the Court finds that the Receiver should recover $28,977.08 in fees and expenses for the period from April 1, 2011 through June 30, 2011, as reasonable and necessary incident to the Receiver's duties performed in these proceedings.

## THE RECEIVER'S TENTH APPLICATION FOR FEES AND EXPENSES

The Receiver seeks approval of $13,567.50 in fees and expenses for: himself; Bennett Jones; QSCL; and LSSM for the period from July 1, 2011 through September 30, 2011. (Doc. 81 at 3-4). The Receiver has provided the Court with a list of services rendered to justify the claim for compensation, as well as an itemized invoice for the fees and expenses. *See* Doc. 81. After a review the Receiver's application, supporting materials, and applicable law, the Court finds that the

requested fees and hourly rates are reasonable and customary in the community and were reached after the exercise of appropriate billing judgment.

The Receiver did not request an upward adjustment of his fee award. *See Johnson*, 488 F.2d at 717-19. The Court finds that no adjustment is necessary. For the reasons stated above, the Court finds that the Receiver should recover $13,567.50 in fees and expenses for the period from July 1, 2011 through September 30, 2011 as reasonable and necessary incident to the Receiver's duties performed in these proceedings.

## **CONCLUSION**

For the reasons stated above, the Court recommends that the Receiver's Eighth, Ninth, and Tenth Applications to Allow and Pay (1) Receiver's fees and Expenses and (2) Professionals' Fees and Expenses (Docs. 79-81) be **GRANTED**. Accordingly, the fees and expenses in the total amount of $63,891.59 should be approved and the Receiver should be authorized to pay these amounts immediately as set forth and requested in the Applications (Docs. 79-81).

**SO RECOMMENDED** December 5, 2011.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE