IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 3:09-CV-614-O-BK |
| | § | |
| OVERSEA CHINESE FUND LIMITED PARTNERSHIP, et al., | § § § | |
| Defendant. | § § | |

### FINDINGS, CONCLUSIONS, and RECOMMENDATION

Pursuant to the District Court's *Order of Reference* (Doc. 82), this matter was referred to the undersigned for pretrial management. Now before the Court is Plaintiff's *Motion for Final Judgment of Disgorgement, Prejudgment Interest, and Third-Tier Civil Penalty Against Defendants Weizhan Tang, Oversea Chinese Fund Limited Partnership, Weizhan Tang & Associates, Inc., and Weizhan Tang Corp.* (Doc. 90). For the reasons that follow, it is recommended that the motion be **GRANTED**.

On July 23, 2009, the Court entered an Agreed Interlocutory Judgment permanently enjoining all named defendants from committing further violations of the Securities Exchange Act of 1934 and the Investment Advisors Act. (Doc. 34). The Agreed Interlocutory Judgment was entered pursuant to the consent of Defendants Weizhan Tang, Oversea Chinese Fund Limited Partnership, Weizhan Tang & Associates, Inc., and Weizhan Tang Corp. ("Defendants"), and provided that the Court would determine the proper disgorgement and civil penalty amount upon motion of the Plaintiff. (Doc. 34 at 6). Plaintiff now requests that the Court issue judgment holding Defendants jointly and severally liable for disgorgement of $9,126,448, subject to offset for the total amount of recoveries obtained by the Receiver for the benefit of investors; prejudgment interest in

the amount of $2,667,119; and a third-tier civil penalty to be determined by the Court. (Doc. 90 at 9). Defendants were served with the motion but have failed to respond. (Doc. 92).

Disgorgement is an equitable remedy designed to "wrest[ ] ill-gotten gains from the hands of a wrongdoer." *SEC v. Huffman*, 996 F.2d 800, 802 (5th Cir. 1993) (citations omitted). "The district court has broad discretion whether to order disgorgement and to determine the amount of the award." *SEC v. Seghers*, 298 F. App'x 319, 336 (5th Cir. 2008) (citing *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 73 (5th Cir. 1993)). The remedy of disgorgement is remedial rather than punitive; thus, "it is limited to property causally related to the wrongdoing at issue." *Allstate Ins. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 413 (5th Cir. 2007) (citation omitted). In actions brought by the Securities and Exchange Commission involving a securities violation, "disgorgement need only be a reasonable approximation of profits causally connected to the violation." *Id*. (citation omitted).

In addition, Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act authorize the Commission to seek, and courts to impose, civil penalties. Third-tier penalties may be imposed if the defendant's violation "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement," and the violation "directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." 15 U.S.C. § 77t(d)(2)(C). "Civil penalties are designed to punish the individual violator and deter future violations of the securities laws." *Blackwell*, 2012 WL 13564 at *4 (citation omitted). The third-tier penalty for each violation is limited to the greater of $100,000 for a natural person or $500,000 for any other person (per the inflation amount specified by C.F.R. § 201.1004), or the gross amount of pecuniary gain to such defendant as a result of the violation. 15 U.S.C. §§ 77t(d)(2)(C); 78u(d)(3)(B)(iii).

Courts have looked to the following factors in determining the appropriate civil penalty: 1) the egregiousness of the defendant's conduct; (2) the degree of the defendant's scienter; (3) whether

the defendant's conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the defendant's conduct was isolated or recurrent; and (5) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition.  *S.E.C. v. Offill*, 2012 WL 1138622 at *3 (N.D. Tex. Apr. 5, 2012) (citing cases).  Courts have also considered such additional factors as the cooperation of the defendant with law enforcement authorities and the adequacy of other criminal or civil sanctions to punish the defendant.  *Id*.  "While these factors are helpful in characterizing a particular defendant's actions, the civil penalty framework is of a discretionary nature and each case has its own particular facts and circumstances which determine the appropriate penalty to be imposed."  *Id*. (citation omitted).

Based the factors outlined above, and in light of the Court's prior entry of the Agreed Interlocutory Judgment (Doc. 34) and the declarations of Tom Tong and Carol Lowen, the undersigned finds that: 1) Defendants actions involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement; 2) the loss of $9,126,448 was a substantial loss to the investors; 3) Defendants violations were recurrent; and 4) Defendants have failed to cooperate with authorities (*See* Doc. 90-1; correspondence to Plaintiff from Mr. Tang).  Moreover, the Court concludes that the maximum third-tier penalty of $9,126,448 is necessary to deter future securities violations.

Accordingly, it is recommended that Plaintiff's motion (Doc. 90) be GRANTED; that the Court's temporary injunction entered as to Defendants be made permanent; that Defendants be held liable -- jointly and severally with defendants WinWin Capital Management, LLC, WinWin Capital Limited Partnership, and J.O.R. & Associates, LLC -- for disgorgement of $9,126,448 and prejudgment interest of $2,667,119; and that Defendants be ordered to pay -- jointly and severally with defendants WinWin Capital Management, LLC, WinWin Capital Limited Partnership, and

J.O.R. & Associates, LLC -- a third-tier penalty of $9,126,448, all of which should be subject to offset by the total amount of recoveries obtained by the Receiver for the benefit of investors.

**SO RECOMMENDED** on August 22, 2012.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE