IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| vs. | : Civil Action No.: <br> : 3:09-CV-0614-O |
| OVERSEA CHINESE FUND LIMITED PARTNERSHIP, WEIZHEN TANG & ASSOCIATES, INC., WEIZHEN TANG CORP., WINWIN CAPITAL MANAGEMENT, LLC, WINWIN CAPITAL LIMITED PARTNERSHIP, J.O.R. & ASSOCIATES, LLC, AND WEIZHEN TANG, | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants, <br> and | : <br> : <br> : |
| WINWIN CAPITAL PARTNERS, LP, BLUEJAY INVESTMENT LLC d/b/a VINTAGE INTERNATIONAL INVESTMENT LLC, | : <br> : <br> : <br> : |
| Relief Defendants. | : <br> : |

**FINAL JUDGMENT AS TO DEFENDANTS
WEIZHAN TANG, OVERSEA CHINESE FUND LIMITED PARTNERSHIP,
WEIZHEN TANG & ASSOCIATES, INC., AND WEIZHEN TANG CORP.**

Plaintiff Securities and Exchange Commission has filed its motion for entry of a Final Judgment against Defendants Weizhan Tang ("Tang"), Oversea Chinese Fund Limited Partnership, Weizhan Tang & Associates, Inc., and Weizhan Tang Corp. (collectively "Defendants"). On July 23, 2009, the Court entered an Agreed Interlocutory Judgment of permanent injunctive relief against Defendants. The Agreed Interlocutory Judgment was accompanied by a signed Consent from Defendants.

1

Now, having considered the motion, the Court is of the opinion that it is well founded and should be granted.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

I.

Defendants, their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§77e(a) and 77e(c)]:

    A.    by making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell a security through the use or medium of a prospectus or otherwise; or

    B.    by carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, a security for the purpose of sale or for delivery after sale unless a registration statement is in effect as to the security; or to make use of any means or instruments of transportation or communication in interstate commerce of the mails to offer to sell or offer to buy through the use or medium of a prospectus or otherwise a security;

Unless a registration statement has been filed as to the security; or while the registration statement is the subject of a refusal order, stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act.

II.

Defendants, their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. §77q(a)], directly or indirectly, in the offer or sale of a security, by making use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A.    to employ any device, scheme or artifice to defraud;

    B.    to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

    C.    to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any purchaser.

III.

Defendants, their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 [15 U.S.C. §78j(b) and 17 C.F. R. §240.10b-5], directly or indirectly, in connection with the purchase or sale of a security, by making use of any means or instrumentality of interstate commerce, of the mails or of any facility of any national securities exchange:

    A.    to use or employ any manipulative or deceptive device or contrivance;

  B.  to employ any device, scheme or artifice to defraud;

  C.  to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

  D.  to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

IV.

Defendants Tang and Weizhen Tang & Associates, Inc., their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Sections 206(1) or 206(2) [15 U.S.C. § 80b – 6(1), (2)] of the Investment Advisers Act of 1940 ("Advisers Act"), directly or indirectly, in connection with advising clients, by making use of any means or instrumentality of interstate commerce to

  A.  employ devices, schemes or artifices to defraud clients or prospective clients; or

  B.  engage in transactions, practices and courses of business which operated as a fraud or deceit upon clients and prospective clients.

V.

Defendants Tang and Weizhen Tang & Associates, Inc., their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b – 6(4)] or Rule 206(4) – 8 thereunder [17 C.F.R. 17 C.F.R. § 275.206(4) – 8],

directly or indirectly, in connection with advising clients, by making use of any means or instrumentality of interstate commerce to

  A. engage in any act, practice, or course of business which is fraudulent, deceptive or manipulative; or

  B. as advisers to a pooled investment vehicle:

    1) make untrue statements of a material fact or omit to state a material fact necessary to make statements made, in light of the circumstances under which they were made, not misleading to investors or prospective investors in the pooled investment vehicle; or

    2) engage in acts, practices and courses of business that are fraudulent, deceptive, or manipulative with respect to investors or prospective investors of the pooled investment vehicle.

VI.

Defendants are jointly and severally liable, along with Defendants WinWin Capital Management, LLC, WinWin Capital Limited Partnership, and J.O.R. & Associates, LLC, for disgorgement of $9,126,448, representing ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,667,119, and a third-tier civil penalty in the amount of $9,126,448, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and Section 209(e)(2) of the Investment Advisers Act [15 U.S.C. § 80b-9].

Defendants shall receive a dollar-for-dollar credit against their disgorgement obligation of $9,126,448 for the total amount that the Court-appointed Receiver recovers in his administration of the Receivership for the benefit of investors in Oversea Chinese Fund Limited

Partnership and WinWin Capital Limited Partnership ("Investors").  Upon petition by the Receiver to close the Receivership, the Receiver shall concurrently provide a final accounting to the Court that details the total amount of Receivership assets to be distributed to Investors under the claims process that the Receiver establishes to distribute proceeds to Investors (the "Statement of Investor Returns").  The amounts set forth in the Statement of Investor returns shall be applied to Defendants' disgorgement obligation on a dollar-for-dollar credit basis to arrive at the final disgorgement amount for which Defendants are jointly and severally liable under this Final Judgment ("Final Disgorgement Amount").

Within 14 days after entry of an order by the Court closing the Receivership, Defendants shall satisfy their obligations under this Final Judgment by paying the Final Disgorgement Amount, together with prejudgment interest of $2,667,119 and a civil penalty of $9,126,448, to the Clerk of this Court.  Defendants' payment(s) shall be accompanied by a cover letter identifying the paying Defendant's name as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendants shall simultaneously transmit photocopies of such payment(s) and letter to the Commission's counsel in this action.  By making the foregoing payment(s), Defendants relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to any Defendant.  Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court.  In

accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 7246]. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment(s) of disgorgement in this action, argue that it or any of them is entitled to, nor shall any of them further benefit by, offset or reduction of such compensatory damages award by the amount of any part of any Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought

against any of the Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VII.

Defendants' Consents are incorporated herein with the same force and effect as if fully set forth herein, and Defendants shall comply with all of the undertakings and agreements set forth therein.

VIII.

This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**SO ORDERED** on this **1st day** of **October, 2012.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**