IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| OVERSEA CHINESE FUND LIMITED PARTNERSHIP, WEIZHEN TANG & ASSOCIATES, INC., WEIZHEN TANG CORP., WINWIN CAPITAL MANAGEMENT, LLC, WINWIN CAPITAL LIMITED PARTNERSHIP, J.O.R. & ASSOCIATES, LLC, AND WEIZHEN TANG, | § § § § § § § § § | Civil Action No. 3:09-CV-614-O-BK |
| Defendants, | § § | |
| and | § § | |
| WINWIN CAPITAL PARTNERS, LP, BLUEJAY INVESTMENT LLC d/b/a VINTAGE INTERNATIONAL INVESTMENT LLC, | § § § § § | |
| Relief Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Court's *Order of Reference* (Doc. 82), this matter was referred to the undersigned for pretrial management. Now before the Court is the *Receiver's Motion to Approve Claims*. (Doc. 102). For the reasons that follow, it is recommended that the motion be **GRANTED**.

In the underlying litigation, Tom Tong ("the Receiver") was appointed receiver with respect to the domestic companies Defendant Tang Weizhen allegedly solicited illegal investments from, including Defendant Bluejay Investment, LLC, d/b/a Vintage International

Investment, LLC ("Vintage"). (Doc. 101 at 2). On September 1, 2009, the Court granted Receiver's *Motion to Establish Claim Procedure Plan and to Approve Claim Form*. (Doc. 37). In accordance with that motion and order, Receiver has reviewed and approved 100 investor claims against the Estate, totaling $9,126,450.09. (Doc. 102 at 2). The Receiver now requests the Court's approval of these claims.

After having reviewed the 100 claims referenced in Receiver's motion, and in light of the Court's order granting the *Motion for Final Judgment of Disgorgement* totaling roughly $9,126,448 (Doc. 96), it is **RECOMMENDED** that *Receiver's Motion to Approve Claims* (Doc. 102) be **GRANTED**.

**SO RECOMMENDED**, January 8, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE