# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff, § | |
| v. § | Civil Action No. 3:09-CV-614-O-BK |
| § | |
| OVERSEA CHINESE FUND § LIMITED PARTNERSHIP, et al., § § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, and RECOMMENDATION

Pursuant to the District Court's *Order of Reference* (Doc. 82), this matter was referred to the undersigned for pretrial management. Now before the Court is the Receiver's *Unopposed Motion to Approve Compromise and Settlement Agreement with Xiaohong Peng*. (Doc. 107). For the reasons that follow, it is recommended that the motion be **GRANTED**.

In the underlying litigation, Tom Tong was appointed receiver with respect to the domestic companies from which Defendant Tang Weizhen allegedly solicited illegal investments, including Defendant WinWin Capital Limited Partnership ("WinWin"). (Doc. 101 at 2). Mr. Tong ("the Receiver") initially moved to approve a settlement with Xiaohong Peng ("Peng") in 2009, but the Court deferred its ruling until the Receiver was able to identify and collect the proceeds of the illegal investments at issue. (Doc. 39; Doc. 107 at 1-2).

In the course of his investigation, the Receiver found that Defendant WinWin improperly transferred $240,000.00 to non-party Peng. (Doc. 107 at 2). The Receiver determined that this transaction involved investor funds and, thus, constituted a Receivership asset. *Id.* Accordingly, the Receiver entered into settlement negotiations with Peng in an effort to recoup the funds. *Id.*

The Receiver and Peng have now reached an agreement to settle potential claims against Peng for the sum of $180,000.00.  *Id.* at 3.  The Receiver avers that such compromise and settlement is in the best interests of the Receivership Estate.  *Id.*  According to the Receiver, the Securities and Exchange Commission is also in agreement with the terms of the settlement.  *Id.* Moreover, the Receiver has recouped a majority of the receivership assets through court-approved settlement agreements such as the one now before the Court and, thus, believes it is in the best interest of the Receivership estate that the proposed settlement agreement with Peng likewise be approved.  *Id.*

Upon review of the motion, the circumstances surrounding this case, and pursuant to the *Agreed Order Appointing Receiver*,[1] the undersigned finds that the proposed settlement is in the best interests of the Receivership estate.  It is therefore **RECOMMENDED** that the Receiver's *Unopposed Motion to Approve Compromise and Settlement Agreement with Xiaohong Peng* (Doc. 107) be **GRANTED**.

**SO RECOMMENDED** on February 1, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The *Agreed Order Appointing Receiver* states, in part, "[t]he Receiver is hereby authorized to institute such actions or proceedings to impose a constructive trust, obtain possession and/or recover judgment and/or compromise claims with respect to persons or entities who received assets or funds or proceeds traceable to investor monies. All such actions shall be filed in this Court." (Doc. 11 at 7).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE